JONATHAN V. GOULD (DC Bar No. 477569)
Senior Deputy Comptroller and Chief Counsel
BAO NGUYEN (NC Bar No. 39946)
Principal Deputy Chief Counsel
GREGORY F. TAYLOR (DC Bar No. 417096)
Director of Litigation
PETER C. KOCH (IL Bar No. 6225347)
Assistant Director of Litigation
ASHLEY W. WALKER (DC Bar No. 488126)
Counsel
ALISSA V. SAGRI (MD No. 0812180099)
Counsel
AMBER N. MELTON (MD No. 1405200002)
Counsel
HANNAH E. HICKS (AL Bar No. 9577S61W)
Attorney

Office of the Comptroller of the Currency
400 7th Street, SW
Washington, D.C. 20219
Telephone: (202) 649-6300
Facsimile: (202) 649-6315
ashley.walker@occ.treas.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION; CALIFORNIA REINVESTMENT COALITION, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE COMPTROLLER OF THE CURRENCY and BRIAN BROOKS, in his official capacity as Acting Comptroller of the Currency, <br><br> Defendants. | CASE NO. 20-cv-04186-SK <br><br> **DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER, OR IN THE ALTERNATIVE, STATUS CONFERENCE** <br><br> Regarding ECF Docket No. 24 |

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER – CASE NO. 20-cv-04186-SK

Defendants the Office of the Comptroller of the Currency and Acting Comptroller of the Currency Brian Brooks (collectively "OCC") do not oppose Plaintiffs' request for guidance from the Court on whether (1) Civil Local Rule 16-5 governs this case challenging the OCC's new regulation under the Community Reinvestment Act of 1977, 12 U.S.C. §§ 2901 *et seq.*, and (2) whether the case should be decided on combined briefing of issues under Rules 12(b) and 56 of the Federal Rules of Civil Procedure. The OCC respectfully disagrees with Plaintiffs, however, that the timing and procedure described under Civil Local Rule 16-5 is reasonable and appropriate for a complex rulemaking challenge such as this case. Plaintiffs also disagree that the case should proceed with consolidated Rule 12(b) and Rule 56 briefing. Summary Judgment will only be appropriate if any part of the Complaint survives the threshold arguments for dismissal that are raised in Defendants' Motion to Dismiss Plaintiffs' Complaint, filed this same day on August 31, 2020.[1] *See* ECF Docket No. 25.

Guidance from the Court on (1) the application of Civil Local Rule 16-5 and (2) expectations regarding the ordering of Rule 12(b) and Rule 56 briefing will aid the parties to productively meet and confer to prepare a Joint Case Management Statement in preparation for the September 28, 2020 Initial Case Management Conference, as directed in the Court's Initial Case Management Scheduling Order of June 26, 2020.  ECF Docket No. 6.

**I.     Local Rule 16-5 Should Not Govern the Management of this Case**

Notwithstanding the text of Civil Local Rule 16-5, Defendants understand that the local practice is that the rule is typically only applied in Social Security Administration ("SSA") benefits cases. And even if the rule may be viewed as stating a default schedule under local rules, the rule does not prevent an agency from filing a motion to dismiss based on threshold issues such as jurisdiction prior to filing a factual answer.  Indeed, the filing of the record and answer are frequently postponed to after resolution of the motion to dismiss. *See, e.g., Am. Fed'n of Teachers, et al. v. DeVos, et al.*, Case No. 5:20-CV-

---

[1] Plaintiffs state that Defendants were served on June 29, 2020. The method of service, however, was mail, *see* ECF No. 16-1, page 9 of 9, with the result that service was *received* by the United States Attorney's Office for the Northern District of California the next day on June 30, 2020. Under Federal Rule of Civil Procedure 12(a)(2), the OCC's responsive pleading is due August 31, 2020.

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER – CASE NO. 20-cv-04186-SK

455-EJD (N.D. Cal. Mar. 27, 2020), Order Granting Stipulated Request to Set Briefing Schedule and Stay Case Management Deadlines, ECF Docket No. 23 (by stipulation, "deadlines under . . . Rule 16-5 . . . extended"). Even in the case cited by Plaintiffs to support their view of the controlling nature of Local Rule 16-5, the magistrate judge ultimately postponed the filing of the administrative record until after disposition of jurisdictional issues raised in a motion to dismiss. *See Jane Doe 1, et al. v. Nielsen, et al.*, Case No. 5:18-cv-02349-VKD (N.D. Cal. Sept. 7, 2018), Order Re Joint Discovery Letter Brief, ECF Docket No. 102.

The deadlines stated in Civil Local Rule 16-5 should not control in this case, nor be treated as providing default guidance to inform the briefing schedule, because (1) under the Initial Case Management Order, ECF Docket No. 6, the parties are scheduled to meet with the Court regarding, *inter alia*, the schedule for the case on the date Plaintiffs claim the record and answer would be due under the local rule; (2) the OCC has today filed a motion to dismiss raising multiple threshold grounds for dismissal, including lack of standing, lack of ripeness, failure to raise a claim within the zone of interests of the relevant statute, and failure to state a claim, in part, as a matter of law, ECF Docket No. 25; (3) the administrative record in the case will be voluminous given, among other factors, the extensive public comment received and scope of the regulation at issue, 85 Fed. Reg. 34,734-34,834 (June 20, 2020) ("Final Rule"); (4) it will undermine efficiency for Defendants to complete the compiling and filing of the administrative record when the case may be dismissed in its entirety on threshold grounds; and (5) efficiency will be promoted by Defendants answering *if and only after* the Complaint is ruled legally viable in any part. The OCC will endeavor to reach resolution with Plaintiffs to propose a case management schedule in the Joint Case Management Statement that takes these considerations into account.[2]

---

[2] Following resolution of Plaintiffs' motion, and any guidance from the Court on the anticipated order of briefing Rule 12(b) and Rule 56 issues, the OCC will also continue to confer with Plaintiffs regarding an appropriate briefing schedule for Defendants' pending Motion to Dismiss.

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER – CASE NO. 20-cv-04186-SK

## II. No Grounds Exist to Consolidate Rule 12(b) and Rule 56 Briefing

Plaintiffs contend that briefing on the threshold issues raised in Defendants' Motion to Dismiss should be consolidated with summary judgment briefing after the agency files the administrative record, presupposing that the OCC's motion to dismiss relies on parts of the administrative record not yet available to Plaintiffs. But the threshold issues raised in the Motion to Dismiss can be decided without reference to any part of the record yet to be filed and presently unavailable to Plaintiffs. Determining whether Plaintiffs demonstrate standing, whether the case is ripe, and whether Plaintiffs raise claims within the zone of interests of the Community Reinvestment Act can be decided on the face of the Complaint and the text of the Final Rule. Defendants' arguments for dismissal, in part, under Rule 12(b)(6) for failure to state a claim, can also be decided as a matter of law without reference to any unavailable parts of the record.

Moreover, as a "first and fundamental" matter, a court must establish that it has jurisdiction to decide a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If this Court finds that it lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.*; *see also Rivera v. R.R. Ret. Bd.*, 262 F.3d 1005, 1008 (9th Cir. 2001) (citation omitted); *Zone Sports Ctr. Inc. LLC v. Red Head, Inc.*, No. 11-cv-00634-JST, 2013 WL 2252016, at *5 (N.D. Cal. May 22, 2013) (citation omitted). Also, resolution of the non-jurisdictional issues raised in the Motion to Dismiss before proceeding to summary judgment will narrow the issues before the Court and result in more orderly and efficient litigation.

None of the issues raised in the Motion to Dismiss are so intertwined with foreseeable summary judgment issues such that deferring the motion to dismiss to later consolidated briefing would enhance the efficient management of the case. The case cited by Plaintiffs, *Pirog v. Astrue*, No. 08-cv-2093-SBA, 2008 WL 4853006 (N.D. Cal. Nov. 7, 2008), is an SSA benefits case in which defendant's motion to dismiss "attached 23 pages of evidence apparently drawn from the administrative record." *Id.* at 1. Plaintiffs offer no basis as to why, in this case, the Court should depart from the more efficient practice of resolving threshold issues raised in a motion to dismiss in advance of proceeding to summary judgement.

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER – CASE NO. 20-cv-04186-SK

Finally, Plaintiffs' assertion that seriatim dispositive briefing will "prolong . . . negative effects" of the Final Rule is belied by the fact that compliance with the Final Rule's general performance standards on the part of affected financial institutions is not due until 2023. *See* Motion to Dismiss, ECF Docket No. 25, pp. 21-22 (arguing for this and other reasons that claims are unripe).

Dated:  August 31, 2020                                   Respectfully submitted,

*/s/ Ashley W. Walker*
JONATHAN GOULD (DC Bar No. 477569)
Senior Deputy Comptroller and Chief Counsel
BAO NGUYEN (NC Bar No. 39946)
Principal Deputy Chief Counsel
GREGORY F. TAYLOR (DC Bar No. 417096)
Director of Litigation
PETER C. KOCH (IL Bar No. 6225347)
Assistant Director of Litigation
ASHLEY W. WALKER (DC Bar No. 488126)
Counsel
ALISSA V. SAGRI (MD No. 0812180099)
Counsel
AMBER N. MELTON (MD No. 1405200002)
Counsel
HANNAH E. HICKS (AL Bar No. 9577S61W)
Attorney

Office of the Comptroller of the Currency
400 7th Street, SW
Washington, D.C. 20219
Telephone: (202) 649-6300
Facsimile: (202) 649-6315
ashley.walker@occ.treas.gov


*Attorneys for Defendants*

DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER – CASE NO. 20-cv-04186-SK

4