UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMPTROLLER OF THE CURRENCY, et al.,<br><br>Defendants. | Case No. 20-cv-04186-KAW<br><br>**ORDER GRANTING IN PART MOTION FOR SCHEDULING ORDER; GRANTING STIPULATION RE BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 24, 25, 31 |

On August 27, 2020, Plaintiffs National Community Reinvestment Coalition and California Reinvestment Coalition filed the instant administrative motion. Plaintiffs requested that the Court clarify whether Civil Local Rule 16-5 applies in this case and set deadlines for the filing of the administrative record and cross-motions for summary judgment. (Dkt. No. 24.) On August 31, 2020, Defendants Office of the Comptroller of the Currency and Comptroller Brian Brooks filed an opposition. (Dkt. No. 26.) Defendants also filed a motion to dismiss. (Dkt. No. 25.) On September 8, 2020, the parties filed a stipulated request to modify the briefing schedule of the motion to dismiss, in the event the Court did not consolidate the motion to dismiss and summary judgment briefing. (Dkt. No. 31 at 2.)

The Court GRANTS in part Plaintiffs' administrative motion. The Court finds that Local Rule 16-5 applies in this case. While Defendants argue that Local Rule 16-5 applies only to social security cases, Defendants cite no authority in support. (Dkt. No. 26 at 1.) Indeed, courts have found that "[w]hile Civil L.R. 16-5 is most frequently implicated in review of Social Security matters, it is not limited to such matters." *See Doe 1 v. Nielsen*, Case No. 18-cv-2349-BLF (VKD), 2018 WL 4468393, at *2 (N.D. Cal. July 19, 2018) (applying Local Rule 16-5 to an APA

claim).

In light of the pending motion to dismiss, however, the Court DENIES Plaintiffs' request to set deadlines for the filing of the administrative record and cross-motions for summary judgment. Plaintiffs cite no authority that the Court cannot first decide the motion to dismiss. Instead, Plaintiffs argue that the Rule 12 and Rule 56 briefing should be consolidated "because the threshold issues and merits are intertwined." (Dkt. No. 24 at 5.) In *Augustine v. United States*, the Ninth Circuit indeed found that "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." 704 F.2d 1074, 1077 (9th Cir. 1983.) Plaintiffs, however, have not demonstrated that such is the case here. Accordingly, the Court finds it appropriate to first consider the motion to dismiss. If the Court finds that the issues raised in the motion to dismiss are intertwined with the merits of the case, the Court may defer ruling on the motion to dismiss.

The Court GRANTS the parties' stipulation to modify the briefing schedule of the motion to dismiss. (Dkt. No. 31 at 2.) Plaintiffs' opposition is due by September 28, 2020, and Defendants' reply is due by October 13, 2020. The Court SETS Defendants' motion to dismiss for hearing on November 5, 2020.

The Court VACATES the October 6, 2020 case management conference.

IT IS SO ORDERED.

Dated: September 14, 2020

KANDIS A. WESTMORE
United States Magistrate Judge

2