JONATHAN V. GOULD (DC Bar No. 477569)
Senior Deputy Comptroller and Chief Counsel
BAO NGUYEN (NC Bar No. 39946)
Principal Deputy Chief Counsel
GREGORY F. TAYLOR (DC Bar No. 417096)
Director of Litigation
PETER C. KOCH (IL Bar No. 6225347)
Assistant Director of Litigation
MARSHA STELSON EDNEY (DC Bar No. 414271)
Counsel
ASHLEY W. WALKER (DC Bar No. 488126)
Counsel
ALISSA V. SAGRI (MD No. 0812180099)
Counsel
AMBER N. MELTON (MD No. 1405200002)
Counsel
HANNAH E. HICKS (AL Bar No. 9577S61W)
Attorney
     Office of the Comptroller of the Currency
     400 7th Street, SW
     Washington, D.C. 20219
     Telephone: (202) 649-6300
     Facsimile: (202) 649-5709
     ashley.walker@occ.treas.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION; CALIFORNIA REINVESTMENT COALITION, | ) ) ) ) )   CASE NO. 20-CV-04186-KAW |
| Plaintiffs, | ) ) **ANSWER** |
| v. | ) ) ) |
| OFFICE OF THE COMPTROLLER OF THE CURRENCY and BLAKE J. PAULSON, in his official capacity as Acting Comptroller of the Currency, | ) ) ) ) ) ) |
| Defendants. | ) ) |

1

2      Defendants, the Office of the Comptroller of the Currency and Blake J. Paulson[1] (together

3  "OCC") hereby answer Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF

4  No. 1, as follows. Plaintiffs' inclusion of footnotes throughout the Complaint does not comply with

5  Federal Rule of Civil Procedure 10(b), requiring that allegations be stated "in numbered paragraphs,

6  each limited as far as practicable to a single set of circumstances." As such, no response is required to

7  these footnotes. To the extent a response is required, each footnote is discussed in the relevant numbered

8  paragraph below.

9      1.   The allegations in this paragraph consist of Plaintiffs' characterization of this action and

10 invocation of a statutory right of review, and not allegations of fact to which a response is required. To

11 the extent a response is required, the allegations are denied, except to admit that the OCC issued a final

12 rule revising its regulations implementing the Community Reinvestment Act, 12 U.S.C. § 2901 *et seq.*

13 ("CRA" or "Act") that was published in the Federal Register on June 5, 2020, 85 Fed. Reg. 34,734

14 ("Final Rule" of "FR").

15     2.   The allegations in Sentences 1-2 of this paragraph consist of Plaintiffs' characterizations of CRA

16 and its purpose, and not allegations of fact to which a response is required. Defendants respectfully refer

17 the Court to 12 U.S.C. § 2901 *et seq.* for a full and accurate statement of the Act's contents. To the

18 extent a response is required, Defendants deny any characterization in Sentences 1-2 inconsistent with or

19 not textually supported by the CRA statute. The allegations in Sentence 3 state Plaintiffs'

20 characterization of the effects of the statute and are not allegations of fact to which a response is

21 required. To the extent a response is required, the allegations in Sentence 3 are denied, except to admit

22 that CRA has played an important part in many federal, state, and local governmental efforts to improve

23 the economic conditions of low- and moderate-income ("LMI") communities.

24

25

---

26 [1] Mr. Paulson assumed the duties of Acting Comptroller on January 14, 2021, and is automatically

27 substituted as a party in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

28

ANSWER, CASE NO. 20-CV-04186-KAW

1

3.    The allegations in this paragraph consist of Plaintiffs' characterizations of the nature of their work, their missions, and accomplishments, and not allegations of fact to which a response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, the allegations in Sentences 1-3 are denied, except to admit that Plaintiffs are two nonprofit organizations.

4.    The allegations in this paragraph consist of Plaintiffs' characterization of regulations promulgated by the agencies with independent and separate rulemaking authority under CRA, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the regulations of the appropriate agencies—*i.e.*, the 1995 regulations cited in ¶ 26 of the Complaint and their subsequent amendments—for a full and accurate statement of their contents. To the extent a response is required, the allegations in this paragraph are denied to the extent that they are inconsistent with or not textually supported by those regulations and the CRA statute.

5.    The allegations in this paragraph consist of Plaintiffs' characterizations of the purpose of the Final Rule and of what the Final Rule entails, and of Plaintiffs' speculations regarding the effects of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentence 1 of this paragraph, except to admit that the OCC, pursuant to its independent rulemaking authority under CRA, published the Final Rule in the Federal Register on June 5, 2020. To the extent a response is required, Defendants deny the allegations in Sentences 2-5.

6.    The allegations in Sentences 1-3 of this paragraph contain legal conclusions to which no response is required. Sentence 3 also contains Plaintiffs' characterizations of what the Final Rule entails and Plaintiffs' speculations regarding the effects of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-3.

7.   The allegations in Sentence 1 of this paragraph, including the footnote, contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Sentence 1, including footnote 1. Sentences 2-6 contain Plaintiffs' characterizations of the timing of the OCC's rulemaking activities, of public comments received on the Joint Notice of Proposed Rulemaking issued by the OCC and Federal Deposit Insurance Corporation ("FDIC") on January 9, 2020, 85 Fed. Reg. 1204 ("JNPR"), and of the OCC's treatment of the comments, not statements of fact to which a response is required. Defendants respectfully refer the Court to the JNPR and the Final Rule, as well as the comments, which will be filed with the administrative record in this case, for a full and accurate statement of the sequence of events, the contents of comments, and the OCC's treatment of comments. To the extent a response is required, Defendants deny the allegations in Sentences 2-6.

8.   The allegations in this paragraph state the relief requested by Plaintiffs from the Court, and not allegations of fact to which a response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

9.   The allegations in this paragraph consist of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, the allegations are denied.

10.  The allegations in this paragraph consist of Plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent a response is required, the allegations are denied.

11.  The allegations in this paragraph consist of Plaintiffs' characterization of the work of Plaintiff National Community Reinvestment Corporation ("NCRC"), of its organization, and of its mission, and not allegations of fact to which a response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, the allegations in Sentences 1-5 of this paragraph are denied, except to admit the allegation in Sentence 1 that Plaintiff NCRC is a nonprofit organization and the allegation in Sentence 2 that it is based in Washington D.C.

12.  The allegations in this paragraph contain Plaintiffs' characterization of the nature of the work of Plaintiff California Reinvestment Coalition ("CRC"), of its organization, and of its mission, and not allegations of fact to which a response is required. Defendants lack knowledge or information sufficient

to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, the allegations in Sentences 1-7 of this paragraph are denied, except to admit the allegation in Sentence 1 that Plaintiff CRC is a nonprofit organization and the allegation in Sentence 2 that it is based in San Francisco, California.

13. The allegation in this paragraph is denied. Mr. Brooks stepped down from his position as Acting Comptroller and Mr. Paulson became Acting Comptroller of the Currency on January 14, 2021. *See supra* n.1.

14. Defendants admit the allegations in this paragraph, except to the extent that the allegations conflict with the OCC's status and statutory identification as an independent bureau of the United States Department of the Treasury, 12 U.S.C. § 1 *et seq.*, and not a "subagency."

15. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of the historic activities of the Home Owners' Loan Corporation ("HOLC") and citations to historic sources, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the 1937 map of the City and County of San Francisco that Plaintiffs cite for a full and accurate statement of the contents of the map and its associated text. To the extent a response is required, Defendants admit the allegations in Sentences 1-3 of this paragraph, including footnote 2, to the extent that they are an accurate reflection of what is depicted on the map and textually supported by the text cited. Defendants lack knowledge sufficient to form a belief regarding the accuracy of the data reflected on the historic map.

16. The allegations in this paragraph consist of Plaintiffs' characterization of the historic maps produced by HOLC, of their demographic context, of their impact on banks' behavior, and of the meaning of the term "redlining" as currently understood, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the CRA statute and the 1977 statements of Senator William Proxmire, referenced at ¶ 18 of the Complaint and appearing correctly and in full on the page of the Congressional Record cited in footnote 3 of the Complaint, for a description of how the term "redlining" was understood in the context of the enactment of CRA. To the extent a response is required to Sentence 1 of this paragraph, Defendants admit as a general historic

1    matter that banks avoided lending in areas categorized as hazardous and that many of these areas

2    consisted of LMI communities comprised of people of color and recent immigrants. To the extent a

3    response is required to Sentence 2, Defendants admit that the practice of banks disinvesting deposits

4    from a community, despite the availability of sound local lending opportunities, was described as

5    "redlining" in the context of the enactment of CRA.

6         17.  The allegations in this paragraph consist of Plaintiffs' characterization of mid-20th century

7    history regarding the flow of capital for homeownership and access to commercial capital, and not

8    allegations of fact to which a response is required. To the extent a response is required to Sentences 1-5,

9    Defendants admit as a general matter that, in the context of the enactment of CRA, redlining was

10   recognized to have had a detrimental impact on home and small business lending and to have aggravated

11   economic problems in communities, including LMI neighborhoods and communities of color;

12   otherwise, the allegations are denied.

13        18.  The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the

14   primary purpose of CRA, and not allegations of fact to which a response is required. Defendants

15   respectfully refer the Court to the text of CRA, specifically 12 U.S.C. § 2901(b), which states the

16   statute's purpose. *See also* 12 U.S.C. § 2903(a). To the extent a response is required, Sentence 1 is

17   denied to the extent it is inconsistent with or not textually supported by the statute's stated purpose.

18   Sentence 2 of this paragraph, including the footnote, consists of a characterization of a 1977 statement of

19   Senator William Proxmire, and is not an allegation of fact to which a response is required. Defendants

20   respectfully refer the Court to the page of the Congressional Record cited in footnote 3 of the Complaint

21   for the full and correct quote and context for the quote provided by the preceding and proceeding

22   paragraphs in the Congressional Record. To the extent a response is required, Defendants deny the

23   allegations in Sentence 2 to the extent that the block quote appearing as part of Sentence 2 is not an

24   accurate transcription of the text, omitting the words "they will invest them elsewhere, and" that appear

25   in the middle of the quoted text in the Congressional Record cited in footnote 3.

26        19.  The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the

27   purpose and function of CRA, and not allegations of fact to which a response is required. Defendants

28

respectfully refer the Court to the text of the CRA statute, specifically 12 U.S.C. § 2901(b), which states the statute's purpose. *See also* 12 U.S.C. § 2903(a). To the extent a response is required, Sentence 1 is denied to the extent it is inconsistent with or not textually supported by the statute's stated purpose. The allegations in Sentences 2-5 contain Plaintiffs' characterization of the essential nature of access to fairly priced capital and credit for economic wellbeing, and not allegations of fact to which a response is required. To the extent a response is required, the allegations in Sentences 2-5 are admitted as a general matter. The allegations in Sentence 6 contain Plaintiffs' characterization of mid-20th century economic history prior the passage of CRA, and not a statement of fact to which a response is required. To the extent a response is required to Sentence 6, Defendants admit that prior to the passage of the fair lending laws of the 1960s and 1970s—including the Fair Housing Act, 42 U.S.C. 3601 et seq., of 1968 and the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq. of 1974—which was also prior to the passage of CRA in 1977, many LMI persons of color experienced discrimination in accessing fairly-priced credit; otherwise, the allegations are denied.

20. The allegations in this paragraph consist of Plaintiffs' characterization of CRA statutory provisions, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the statute sections cited for their full and accurate text and requirements. To the extent a response is required, Defendants deny the allegations contained in Sentences 1-2 to the extent that they quote and describe the requirements of the provisions under 12 U.S.C. § 2901 in a manner incomplete or inconsistent with the full text of the cited statutes or to the extent that they attribute words or requirements to the statutory provisions that are not present in the statutory text. To the extent a response is required, Sentence 3 is admitted.

21.  The allegations in this paragraph consist of Plaintiffs' characterizations of CRA statutory provisions, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the statute sections cited for their full and accurate text and requirements. To the extent a response is required, Defendants deny the allegations contained in Sentences 1-2 of this paragraph to the extent that they quote and describe the provisions under 12 U.S.C. § 2903 and § 2906 in a manner incomplete or inconsistent with or not textually supported by the full text of the cited statutes or to the

1    extent that they attribute words or requirements to the statutory provisions that are not present in the

2    statutory text. To the extent a response is required, Sentence 3 is admitted.

3        22. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of "public

4    input and accountability mechanisms" related to CRA, and not allegations of fact to which a response is

5    required. To the extent a response is required, Sentence 1 is denied. The allegations in Sentences 2-3

6    contain Plaintiffs' characterizations of CRA statutory provisions, and not allegations of fact to which a

7    response is required. Defendants respectfully refer the Court to the statutory sections cited for the full

8    and accurate text and requirements of the statutory sections. To the extent a response is required,

9    Sentences 2-3 are admitted as accurate descriptions of the CRA statute consistent with the text of

10   12 U.S.C. § 2904 and § 2906, except to deny that § 2906 requires the agencies to prepare *public reports*

11   rather than "prepare a written evaluation" of a bank with a "public section and a confidential section."

12   12 U.S.C. § 2906.

13       23. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the

14   impact CRA has had on banks' behavior, and not allegations of fact to which a response is required. To

15   the extent a response is required to Sentence 1, Defendants admit that the CRA statute requires

16   regulators to assess banks records of meeting the credit needs of their entire communities, including

17   LMI neighborhoods, consistent with safe and sound operations, and prepare written evaluations with

18   public sections. *See* 12 U.S.C. §§ 2903(a), 2906(a). The allegations in Sentence 2 consist of Plaintiffs'

19   characterization of the conclusions of "[a] 2017 study by the Federal Reserve Bank of Philadelphia" for

20   which Plaintiffs provide no citation, and not allegations of fact to which a response is required. To the

21   extent a response is required to Sentence 2, Defendants admit that the Federal Reserve Bank of

22   Philadelphia published a working paper in June 2017, which was superseded by a working paper

23   published in February 2020 that found "evidence that the loss of CRA eligibility status in a

24   neighborhood leads to a decrease of about 10 percent to 20 percent (depending on the models and

25   specifications used) in the volume of purchase mortgage originations by CRA-regulated lenders,"[2] but

26

27   ───────────────

28   [2] *See* Lei Ding and Leonard Nakamura, Federal Reserve Bank of Philadelphia, "'Don't Know What You
     Got Till It's Gone'—The Community Reinvestment Act in a Changing Financial Landscape" (Working

ANSWER, CASE NO. 20-CV-04186-KAW

deny that this study supports any other allegation in the Complaint. The allegations in Sentence 3 consist of Plaintiffs' characterization of Plaintiff NCRC's findings regarding bank loan activity since 1996, without citation, and not allegations of fact to which a response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3. To the extent a response is required, the allegations in Sentence 3 are denied. The allegations in Sentence 4 consist of Plaintiffs' characterization of the role of CRA in improving economic development and opportunities, and not allegations of fact to which a response is required. To the extent a response is required, the allegations in Sentence 4 are denied, except to admit that CRA has played an important part in many efforts to improve economic development and opportunities in LMI communities; otherwise, the allegations are denied.

24.  The allegations in this paragraph contain Plaintiffs' speculations regarding the effects of the Final Rule, and not allegations of fact to which a response is required. To the extent a response is required, the allegations are denied.

25. The allegations in this paragraph consist of Plaintiffs' characterizations of CRA statutory provisions, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the statute section cited for its full and accurate text and requirements. To the extent a response is required, this paragraph is denied to the extent it describes the provisions under 12 U.S.C. § 2902 in a manner incomplete or inconsistent with or not textually supported by the full text of the cited statute or attributes words or requirements to the statutory text that are not present in the statute.

26. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of past rulemakings for the implementation of CRA and the CRA regulations of the multiple agencies with independent rulemaking authority under CRA, compared to the rulemaking leading to the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Federal Register publication cited in this paragraph and subsequent revisions to those regulations for a full and accurate statement of their contents. To the extent a response is required, the allegations in

_____

Paper 20-08) (Feb. 2020), *available at* https://www.philadelphiafed.org/-/media/frbp/assets/working-papers/2020/wp20-08.pdf.

ANSWER, CASE NO. 20-CV-04186-KAW

1    Sentence 1 are denied to the extent that they are inconsistent with or not textually supported by that

2    rulemaking history and the independent rulemaking authority for the separate agencies under 12 U.S.C.

3    § 2905. The allegations in Sentence 2 consist of Plaintiffs' characterization of regulations promulgated

4    by the agencies in 1995, and not allegations of fact to which a response is required. Defendants

5    respectfully refer the Court to the cited regulations and subsequent revisions to those regulations for a

6    full and accurate statement of their contents. To the extent a response is required, the allegations in

7    Sentence 2 are denied to the extent that they are inconsistent with or not textually supported by the

8    regulations cited and to the extent that they are inconsistent with the application of the OCC's

9    regulations to state savings associations under 12 U.S.C. § 2905, including state saving associations for

10   which the FDIC is the appropriate Federal financial supervisory agency under 12 U.S.C. § 2902.

11       27. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the

12   rulemaking activity that led to the agencies' issuances of their regulations implementing CRA in 1995,

13   and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the

14   cited pages of the Federal Register for a full and accurate statement of their contents. To the extent a

15   response is required, the allegations in Sentence 1 are denied to the extent that they are not textually

16   supported by the actual contents of the page of the Federal Register cited. The allegations in Sentences

17   2-3 are admitted as accurate references to information appearing in the Federal Register with the

18   issuances of the agencies' 1995 regulations implementing CRA. The allegations in Sentence 4 of this

19   paragraph consist of Plaintiffs' characterization of the description of public comments received in

20   response to the proposals that led to the agencies' 1995 regulations implementing CRA, and not

21   allegations of fact to which an answer is required. Defendants respectfully refer the Court to the cited

22   pages of the Federal Register for a full and accurate statement of their contents. To the extent a response

23   is required, the allegations in Sentence 4 are denied.

24       28. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of

25   the agencies' regulations promulgated in 1995, and not allegations of fact to which a response is

26   required. Defendants respectfully refer the Court to the cited regulation text in this paragraph and in

27   footnote 4 for a full and accurate statement of its contents. To the extent a response is required, the

28

1   allegations in this paragraph, including footnote 4, are denied to the extent that they allege that the

2   agencies did not promulgate their own separate regulations under their independent rulemaking

3   authorities in 1995.

4       29. The allegations in this paragraph consist of Plaintiffs' characterization of the structure and

5   implementation of the agencies' CRA regulations, and not allegations of fact to which a response is

6   required. Defendants respectfully refer the Court to the regulations at 12 C.F.R. Parts 195, 228, and 345

7   and the regulations at 12 C.F.R. Part 25, both prior to and following the effective date of the Final Rule,

8   and the agencies' guidance concerning the implementation of their CRA regulations—including the

9   OCC Comptroller's Handbook on CRA Examination Procedures (May 1999), cited following

10  Sentence 3 of this paragraph, and the Interagency Frequently Asked Questions on CRA Guidance, most

11  recently published at 81 Fed. Reg. 48,506 (Jul. 25, 2016)—for a full and accurate statement of the broad

12  "CRA framework" as it has been and is currently implemented. To the extent a response is required,

13  Defendants deny the allegations in Sentences 1-3 of this paragraph to the extent that they are

14  inconsistent with or not textually supported by the regulatory text that predates the Final Rule and the

15  agencies' guidance and to the extent that the allegations fail to account for the revisions to "the CRA

16  framework" brought about by the Final Rule for the banks and savings associations subject to the OCC's

17  regulations.

18      30. The allegations in this paragraph consist of Plaintiffs' characterization of the requirements of the

19  agencies' CRA regulations with respect to the delineation and role of assessment areas, and not

20  allegations of fact to which a response is required. Defendants respectfully refer the Court to the

21  regulations at 12 C.F.R. Parts 195, 228, and 345 and the regulations at 12 C.F.R. Part 25, both prior to

22  and following the effective date of the Final Rule, for a full and accurate statement of the past and

23  current regulatory requirements for the delineation and role of assessment areas. To the extent a

24  response is required, Defendants deny the allegations in Sentences 1-4 of this paragraph to the extent

25  that they are inconsistent with or not textually supported by the regulatory text that predates the Final

26  Rule and to the extent that the allegations fail to account for the revisions to the delineation and role of

27

28

assessment areas brought about by the Final Rule for the banks and savings associations subject to the OCC's regulations.

31. The allegations in this paragraph consist of Plaintiffs' characterization of the requirements of the agencies' CRA regulations with respect to performance standards, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the regulations at 12 C.F.R. Parts 195, 228, and 345 and the regulations at 12 C.F.R. Part 25, both prior to and following the effective date of the Final Rule, for a full and accurate statement of the past and current regulatory requirements for performance standards. To the extent a response is required, Defendants deny the allegations in Sentences 1-5 of this paragraph to the extent that they are inconsistent with or not textually supported by the regulatory text that predates the Final Rule and to the extent that the allegations fail to account for the revisions to the performance standards brought about by the Final Rule, particularly for the largest banks and savings associations with assets above $2.5 billion subject to the OCC's regulations.

32. The allegations in this paragraph consist of Plaintiffs' characterization of the requirements of the agencies' CRA regulations with respect to performance standards, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the regulations at 12 C.F.R. Parts 195, 228, and 345 and the regulations at 12 C.F.R. Part 25, both prior to and following the effective date of the Final Rule, for a full and accurate statement of the past and current regulatory requirements for performance standards. To the extent a response is required, Defendants deny the allegations in Sentences 1-3 of this paragraph to the extent that they are inconsistent with or not textually supported by the regulatory text that predates the Final Rule and to the extent that the allegations fail to account for the revisions to the performance standards brought about by the Final Rule, particularly for banks and savings associations with assets of $600 million or less (small banks) and banks and savings associations with assets over $600 million but not more than $2.5 billion (intermediate banks) subject to the OCC's regulations.

33. The allegations in this paragraph consist of Plaintiffs' characterization of the requirements of the agencies' CRA regulations with respect to performance context, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the regulations at 12 C.F.R. Parts 195,

228, and 345 and the regulations at 12 C.F.R. Part 25, both prior to and following the effective date of

the Final Rule, for a full and accurate statement of the past and current regulatory requirements for

performance context. To the extent a response is required, Defendants deny the allegations in

Sentences 1-3 of this paragraph to the extent that they are inconsistent with or not textually supported by

the regulatory text that predates the Final Rule and to the extent that the allegations fail to account for

the revisions to the use of performance context brought about by the Final Rule, particularly for the

largest banks and savings associations with assets above $2.5 billion subject to the OCC's regulations.

34. The allegations in this paragraph consist of Plaintiffs' characterization of the requirements of the

CRA statute and the agencies' CRA regulations with respect to performance ratings, and not allegations

of fact to which a response is required. Defendants respectfully refer the Court to the cited statutory

provision and the regulations at 12 C.F.R. Parts 195, 228, and 345 and the regulations at 12 C.F.R.

Part 25, both prior to and following the effective date of the Final Rule, for a full and accurate statement

of the past and current statutory and regulatory requirements for performance ratings. To the extent a

response is required, the allegations in Sentence 2 of this paragraph are admitted as an accurate

statement of the statutory categories of assigned ratings for banks' records of or in "meeting community

credit needs" under 12 U.S.C. § 2906(b)(2). To the extent a response is required, Defendants deny the

allegations in Sentences 1 and 3-6 to the extent that they are inconsistent with or not textually supported

by the regulatory text that predates the Final Rule and to the extent that the allegations fail to account for

the revisions to performance standards and performance ratings brought about by the Final Rule,

particularly for the largest banks and savings associations with assets above $2.5 billion subject to the

OCC's regulations.

35. The allegations in this paragraph consist of Plaintiffs' characterization of the effects of CRA

performance ratings on banks, and not allegations of fact to which a response is required. Defendants

respectfully refer the Court to the statutory requirements at 12 U.S.C. § 2903(a)(2), which require the

agencies to take a bank's record of meeting community credit needs into account when deciding various

application types identified at 12 U.S.C. § 2902(3), as well as OCC regulations governing decisions on

filings—*e.g.*, 12 C.F.R. §§ 5.3, 5.13—for an accurate statement of the effects of a banks' CRA

performance rating. To the extent a response is required, the allegations in Sentences 1-2 of this paragraph are admitted to the extent that they are consistent with and textually supported by the requirements under the statute and the OCC's referenced regulations; otherwise, the allegations are denied. To the extent a response is required to Sentence 3, Defendants admit as a general matter that there exist city ordinances that require that a financial institution must receive at least a satisfactory CRA rating to be deemed a qualified depository; otherwise, the allegations are denied.

36. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterizations of the requirements of the CRA statute, of the agencies' CRA regulations, and of Plaintiff NCRC's study, cited in footnote 5, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the CRA statute and the regulations at 12 C.F.R. Parts 195, 228, and 345 and the regulations at 12 C.F.R. Part 25, both prior to and following the effective date of the Final Rule, for a full and accurate statement of the current statutory requirements and past and current regulatory CRA requirements. Defendants respectfully refer the Court to the article published by Plaintiff NCRC and cited in footnote 5 for a full and accurate statement of Plaintiff NCRC's conclusions. To the extent a response is required, the allegations in this paragraph are denied, except to admit as a general matter that a sample of CRA performance evaluations from between 2006 and 2018, analyzed by the OCC, indicated that nearly 98 percent of banks included in the sample received either an "Outstanding" or "Satisfactory" performance rating. *See* FR 34,735 n.7.

37. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of the regulatory burden associated with compliance with CRA regulations and of a study by the Federal Reserve Bank of St. Louis cited in footnote 6, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the article published by the Federal Reserve Bank of St. Louis cited in footnote 6 for a full and accurate statement of the conclusions of its study. To the extent a response is required, the allegations in Sentences 1-2 if this paragraph are denied.

38. The allegations in this paragraph are admitted.

39. The allegations in Sentences 1-2 of this paragraph are denied.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in Sentence 1 of this paragraph. The allegations in Sentence 2, including the footnote, consist of Plaintiffs' characterizations of the conclusions of a study by Plaintiff CRC, and not allegations of fact to which a response is required. To the extent a response is required, Defendants' respectfully refer the Court to the press release cited in footnote 7 for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentence 2. The allegations in Sentence 3 consist of Plaintiffs' characterization of the results of an investigation by the California Attorney General's Office, and not allegations of fact to which a response is required. Defendants' respectfully refer the Court to the memorandum cited and included in Plaintiffs' Complaint as Exhibit F for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentence 3 to the extent that they are inconsistent with or not textually supported by the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as Amended, *In re CIT Group*, Inc., Docket No. 17-046-CMP-HC (Jan. 12, 2018)[3] or the prior public enforcement documents referenced therein between federal regulators and CIT Group, Inc. and its predecessor entities.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Sentences 1-2 of this paragraph, including the footnote, contain Plaintiffs' characterization of an analysis by Plaintiff CRC, and not allegations of fact to which a response is required. To the extent a response is required, Defendants respectfully refer the Court to the testimony of the CRC director cited in footnote 8 for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2.

42. The allegations in Sentences 1-2 of this paragraph consist of Plaintiffs' characterizations of the requirements of and purpose of the Final Rule with respect to public input, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and

---

[3] *Available at* https://www.federalreserve.gov/newsevents/pressreleases/files/enf20180112a1.pdf.

ANSWER, CASE NO. 20-CV-04186-KAW

14

accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2. The allegations in Sentence 3 contain Plaintiffs' characterizations of the concerns of community groups, and not allegations of fact to which a response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 3. To the extent a response is required to Sentence 3, Defendants admit as a general matter that there were community groups that expressed concerns regarding the CRA-related activities of OneWest Bank and CIT Bank at the time of the proposed merger between the two entities; otherwise, the allegations are denied.

43. The allegations in this paragraph, including the footnotes, consist of characterizations and purported selective quotations of statements attributed to former Comptroller Otting in the press and on the Internet, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the articles and webpage cited in footnotes 9, 10, and 11 for full and accurate statements of their contents. To the extent a response is required, Defendants deny the characterizations of former Comptroller Otting's statements in Sentences 1-2 of this paragraph, which are based on selective, partial quotations that take statements out of context so as to imply a meaning different from that indicated in the full text and context of the statements.

44. The allegations in Sentence 1 of this paragraph consist of a characterization of the statutory purpose of CRA, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the CRA statute, specifically 12 U.S.C. § 2901(b), which states the statute's purpose. *See also* 12 U.S.C. § 2903(a). To the extent a response is required, Defendants deny the allegations in Sentence 1 to the extent that they are not an accurate statement of the statute's stated purpose and to the extent that they allege that former Comptroller Otting questioned the purpose of CRA. The allegations in the rest of this paragraph, including the footnotes, consist of characterizations and purported selective quotations of statements made by former Comptroller Otting in a congressional hearing on June 13, 2018, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the transcript from the congressional hearing cited in footnote 13 and the article cited in footnote 12 for full and accurate statements of their contents. To the extent a response is

required, Defendants deny Plaintiffs' characterizations of former Comptroller Otting's statements in Sentences 2, 3, and 4 of this paragraph, which are based on selective, partial quotations that take statements out of context so as to imply a meaning different from that indicated in the full text and context of the statements. Defendants deny Plaintiffs' characterization of the data analysis of the Board of Governors of the Federal Reserve System ("Federal Reserve") in Sentence 3 to the extent it is inconsistent with or not textually supported by the article cited in footnote 12.

45. Defendants deny the allegations in Sentences 1-2 of this paragraph.

46. Defendants deny the allegations in Sentence 1 of this paragraph, except to admit that the OCC issued an Advanced Notice of Proposed Rulemaking ("ANPR") related to Reforming the CRA Regulatory Framework, 83 Fed. Reg. 45,053, on September 5, 2018. The allegations in Sentence 2 consist of Plaintiffs' characterization of the contents of the ANPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the ANPR for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentence 2.

47. The allegations in this paragraph consist of Plaintiffs' characterization of public comments received by the OCC in response to the ANPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in this paragraph except to admit that the OCC received 1,587 comments posted on regulations.gov in response to the ANPR.

48. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of the comment submitted by Plaintiff NCRC to the OCC in response to the ANPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comment letter cited in footnote 14 for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in this paragraph.

49. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of the comment submitted by Plaintiff CRC to the OCC in response to the ANPR, and not allegations of

fact to which a response is required. Defendants respectfully refer the Court to the comment letter cited in footnote 15 for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2 of this paragraph.

50. The allegations in this paragraph, including the footnotes, consist of Plaintiffs' characterizations of and purported quotations from referenced letters and an *American Banker* article authored by an OCC Deputy Comptroller, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced documents cited in footnotes 16, 17, and 18 for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentence 1 of this paragraph. Defendants also deny the allegations in Sentences 2-5 to the extent that they are inconsistent with or not textually supported by the referenced documents.

51. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the timing of the OCC's rulemaking activities, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the JNPR and documents referenced in Paragraph 50 of the Complaint for a full and accurate account of the sequence of events. To the extent a response is required, Defendants deny the allegations in Sentence 1. Defendants admit the allegations in Sentence 2.

52. The allegations in this paragraph consist of Plaintiffs' characterization of the views of other regulators on the JNPR, and not allegations of fact to which a response is required. To the extent a response is required, Defendants admit that the Federal Reserve did not join the OCC and FDIC in issuing the JNPR; otherwise, the allegations are denied.

53. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of and purported quotation from a referenced transcript of remarks delivered by Federal Reserve Chair Jerome Powell, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced transcript, cited in footnote 19, for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-2 of this paragraph inconsistent with or not textually supported by the referenced transcript.

54. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of and purported quotation from the referenced transcript of remarks delivered by Federal Reserve

Governor Lael Brainard, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced document, cited in footnote 20, for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-5 of this paragraph inconsistent with or not textually supported by the referenced transcript.

55. The allegations in Sentences 1, 3, and 4, including the footnote, consist of Plaintiffs' characterizations of and purported quotation from the referenced transcript of remarks delivered by Federal Reserve Governor Lael Brainard, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced transcript, cited in footnote 21, for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 1, 3, and 4 inconsistent with or not textually supported by the referenced transcript. Defendants deny the allegations in Sentence 2.

56. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of and purported quotation from a statement issued by Martin Gruenberg, member of the FDIC Board of Directors, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced statement, cited in footnote 22, for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-4 of this paragraph inconsistent with or not textually supported by the referenced statement.

57. Defendants deny the allegations in Sentence 1. The allegations in Sentences 2 and 4 consist of Plaintiffs' characterization of public comments that the OCC received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for a full and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization inconsistent with or not textually supported by the comments. Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations contained in Sentence 3. To the extent a response is required, Defendants deny the allegations in Sentence 3.

58. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of public comments received in response to the JNPR, and not allegations of fact to which a response is

required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-2 of this paragraph inconsistent with or not textually supported by the comments, including the referenced comments cited in footnote 23.

59. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-3 of this paragraph inconsistent with or not textually supported by the comments, including the referenced comment cited in footnote 24.

60. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-2 of this paragraph inconsistent with or not textually supported by the comments, including the referenced comment cited in footnote 25.

61. The allegations in this paragraph consist of Plaintiffs' characterization of the timing of the OCC's rulemaking activities, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the JNPR and Final Rule for a full and accurate statement of the sequence of events. Sentence 2 of this paragraph also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Sentences 1-2, except to admit that the OCC released the Final Rule on May 20, 2020 during the COVID-19 pandemic.

62. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterizations of the views of other regulators on the JNPR and of a referenced statement issued by FDIC Chair Jelena

McWilliams, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced statement, cited in footnote 26, for a full and accurate statement of its contents. To the extent a response is required, Defendants admit that the FDIC did not join the OCC in issuing the Final Rule, but otherwise deny the allegations in Sentences 1-3 of this paragraph to the extent that they are inconsistent with or not textually supported by the referenced statement.

63. The allegations in this paragraph consist of Plaintiffs' characterizations of the views of "every interested party" on the JNPR and the OCC's treatment of such views, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the JNPR, Final Rule, and public comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2 of this paragraph.

64. Defendants deny the allegations in this paragraph, except to admit that former Comptroller Otting announced his resignation on May 21, 2021.

65. Defendants deny the allegations in this paragraph, and aver that the OCC described its research and analysis in the JNPR.

66. Defendants admit that the OCC did not publish data or analysis belonging to the Federal Reserve, although subsequently the Federal Reserve publicly released the referenced data during the comment period for the JNPR.

67. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterizations of referenced call summaries, of the timing of the publication of the call summaries in relation to unspecified news reports, and of public comments and letters submitted to the OCC in the course of the rulemaking process, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced summaries, comments, and letters, which will be filed with the administrative record in this case, for a full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2 of this paragraph, except to admit that the OCC documented that former Comptroller Otting held calls with the CEOs of 17 large banks,

including the CEOs of Chase, Citi, Bank of America, and Wells Fargo in summaries of these calls entered on the public rulemaking docket at regulations.gov on April 8, 2020.

68. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of the referenced Request for Information and Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced Request for Information and Final Rule for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in this paragraph, except to admit that the OCC did not publicly release confidential commercial information submitted to it by its regulated entities in response to the referenced Request for Information. *See* FR 34,786.

69. Defendants deny the allegations in this paragraph.

70. Defendants admit the allegations in Sentences 1-2 of this paragraph. The allegations in Sentence 3 of this paragraph contain Plaintiffs' characterization of the relationship between the CRA statute and LMI communities' economic investment needs, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the text of the CRA statute, specifically 12 U.S.C. § 2901(b), which states the statute's purpose, as well as 12 U.S.C. § 2903(a), for a full and accurate statement of its purpose and requirements with respect to LMI communities. To the extent a response is required to Sentence 3, Defendants admit as a general matter that LMI communities have been economically impacted during the COVID-19 pandemic and that CRA has had an important role in economic investment in LMI communities; otherwise, the allegations are denied.

71. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of referenced letters, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced letters cited in footnote 29, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in this paragraph inconsistent with or not textually supported by the referenced letters.

72. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of referenced letters, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the referenced letters cited in footnote 30, for full and accurate statements of their

1  contents. To the extent a response is required, Defendants deny any characterization in this paragraph

2  inconsistent with or not textually supported by the referenced letters.

3  73. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of

4  a referenced statement issued by FDIC Chair McWilliams, and not allegations of fact to which a

5  response is required. Defendants respectfully refer the Court to the referenced statement, cited in

6  footnote 31, for a full and accurate account of its contents. To the extent a response is required,

7  Defendants deny any characterization inconsistent with or not textually supported by the referenced

8  statement.

9  74. The allegations in this paragraph consist of Plaintiffs' characterizations of public comments

10  received in response to the JNPR and the OCC's treatment of those comments, and not allegations of

11  fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the

12  comments, which will be filed with the administrative record in this case, for full and accurate

13  statements of their contents. To the extent a response is required, Defendants deny any characterization

14  in Sentences 1-2 of this paragraph inconsistent with or not textually supported by the Final Rule or the

15  comments.

16  75. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of

17  the contents and significance of a referenced interagency statement, and not allegations of fact to which

18  a response is required. Defendants respectfully refer the Court to the referenced interagency statement,

19  cited in footnote 32, for a full and accurate statement of its contents. To the extent a response is required,

20  Defendants deny any characterization in Sentence 1 or 2 of this paragraph inconsistent with or not

21  textually supported by the referenced statement. The remaining allegations in Sentence 2 consist of

22  Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding the effects of the

23  Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the

24  Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is

25  required, Defendants deny the remaining allegations in Sentence 2.

26  76. Defendants admit the allegations in Sentence 1. The allegations in Sentence 2 are denied.

27

28

1    77. Defendants admit that this paragraph consists of a partial quotation from the Final Rule, but deny

2    that this quotation supports any other allegation in the Complaint.

3        78. Defendants deny the allegations in this paragraph.

4        79. This paragraph consists of Plaintiffs' characterizations of the Final Rule in comparison to the

5    JNPR and prior CRA implementing regulations, and not allegations of fact to which a response is

6    required. Defendants respectfully refer the Court to the Final Rule, the JNPR, and prior CRA

7    implementing regulations for full and accurate statements of their contents. To the extent a response is

8    required, Defendants deny the allegations in Sentences 1-3 of this paragraph, except to admit that the

9    Final Rule implemented changes in what activities count for CRA credit, where they will be counted,

10   and how performance is evaluated compared to the OCC's previous regulations implementing CRA.

11       80. The allegations in this paragraph, including its subparts a-d, consist of Plaintiffs'

12   characterizations of the CRA statute and of the Final Rule in comparison to prior CRA implementing

13   regulations, and not allegations of fact to which a response is required. Defendants respectfully refer the

14   Court to the text of the CRA statute, the Final Rule, the OCC's prior CRA implementing regulations,

15   and OCC guidance and procedures on the implementation of its CRA regulations, including Interagency

16   Frequently Asked Questions on CRA Guidance, most recently published at 81 Fed. Reg. 48,506 (Jul. 25,

17   2016), for full and accurate statements of their contents and how CRA implementation under the Final

18   Rule will differ from CRA implementation under the OCC's prior regulations. To the extent a response

19   is required, Defendants deny any characterization in Sentences 1-10 in subparts a-d of this paragraph

20   inconsistent with or not textually supported by the CRA statute, the Final Rule, prior CRA implementing

21   regulations, and OCC guidance and procedures.

22       81. The allegations in this paragraph consist of legal conclusions to which no response is required

23   and Plaintiffs' characterizations of the JNPR and of the Final Rule, and not allegations of fact to which a

24   response is required. Defendants respectfully refer the Court to the JNPR and the Final Rule for full and

25   accurate statements of their contents. To the extent a response is required, Defendants deny the

26   allegations in this paragraph.

27

28

ANSWER, CASE NO. 20-CV-04186-KAW

82. The allegations in this paragraph consist of Plaintiffs' characterizations of the CRA statute, of the Final Rule, and of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the CRA statute, the Final Rule, the JNPR, and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentences 1 and 3 of this paragraph and deny the allegations in Sentences 2 to the extent that they are inconsistent with or not textually supported by the comments.

83. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of how it differs from the OCC's prior implementation of CRA, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule, prior CRA implementing regulations, and Interagency Frequently Asked Questions on CRA Guidance, most recently published at 81 Fed. Reg. 48,506 (Jul. 25, 2016), for true and accurate statements of how CRA implementation under the Final Rule will differ from CRA implementation under the OCC's prior regulations. To the extent a response is required, Defendants deny the allegations in this paragraph.

84. The allegations in Sentence 1 consist of Plaintiffs' characterization of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentence 1. The allegations in Sentence 2 consist of a hypothetical example purportedly illustrating the allegations stated in Sentence 1, and not allegations of fact to which a response is required. To the extent a response is required, Defendants deny the allegations in Sentence 2. The allegations in Sentence 3 consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentence 3.

85. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and how it differs from the OCC's prior implementation of CRA, and not allegations of fact to which a response

is required. Defendants respectfully refer the Court to the Final Rule, prior CRA implementing regulations, and Interagency Frequently Asked Questions on CRA Guidance, most recently published at 81 Fed. Reg. 48,506 (Jul. 25, 2016), for true and accurate statements of how CRA implementation under the Final Rule will differ from CRA implementation under the OCC's prior regulations. To the extent a response is required, Defendants deny the allegations in this paragraph.

86. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterizations of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentence 1. The allegations in Sentences 2-3 consist of Plaintiffs' characterizations of and purported quotations from the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 2-3.

87. The allegations in Sentences 1-2 of this paragraph consist of Plaintiffs' characterizations of the Final Rule and of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed with the administrative record in this case, for a full and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization inconsistent with or not textually supported by the Final Rule, the JNPR, or the comments. The allegations in Sentence 3 consist of a hypothetical example purportedly illustrating the characterization of the Final Rule alleged in Sentence 2, and not allegations of fact to which a response is required. To the extent a response is required, Defendants deny the allegations in Sentence 3. The allegations in Sentences 4-6 consist of Plaintiffs' characterizations of CRA's statutory purpose and of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the CRA statute, specifically 12 U.S.C. § 2901(b), which states the Act's purpose, as well as 12 U.S.C. § 2903(a), and the Final Rule for a full and accurate statement of their contents. To the extent a response is

1   required, Defendants deny the allegations in Sentences 4-6 to the extent that they are not an accurate

2   statement of the statute's stated purpose and are otherwise inconsistent with or not textually supported

3   by the CRA statute or the Final Rule.

4       88. The allegations in Sentences 1, 2, and 4 of this paragraph consist of Plaintiffs' characterization of

5   the Final Rule compared to how CRA was implemented under the OCC's prior regulations, and not

6   allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

7   Rule, prior CRA implementing regulations, and Interagency Frequently Asked Questions on CRA

8   Guidance, most recently published at 81 Fed. Reg. 48,506 (Jul. 25, 2016), for true and accurate

9   statements of how CRA implementation under the Final Rule will differ from CRA implementation

10  under the OCC's prior regulations. To the extent a response is required, Defendants deny the allegations

11  in Sentence 1. Defendants deny the allegations in Sentences 2 and 4 to the extent that they are

12  inconsistent with or not textually supported by the Final Rule, prior CRA implementing regulations, and

13  Interagency Frequently Asked Questions on CRA Guidance. The allegations in Sentence 3 consist of

14  Plaintiffs' characterization of public comments received in response to the JNPR and the OCC's

15  treatment of the comments in the Final Rule, and not allegations of fact to which a response is required.

16  Defendants respectfully refer the Court to the Final Rule and the comments, that will be filed with the

17  administrative record in this case, for full and accurate statements of their contents. To the extent a

18  response is required, Defendants deny the allegations in Sentence 3.

19      89. The allegations in this paragraph consist of Plaintiffs' characterizations of public comments

20  received in response to the JNPR and the Final Rule, and not allegations of fact to which a response is

21  required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed

22  with the administrative record in this case, for full and accurate statements of their contents. To the

23  extent a response to is required, Defendants deny any characterization in Sentence 1 of this paragraph

24  inconsistent with or not textually supported by the Final Rule or the comments. Defendants deny the

25  allegations in Sentence 2.

26      90. The allegations in this paragraph consist of legal conclusions to which no response is required

27  and Plaintiffs' characterizations of the JNPR and of the Final Rule, and not allegations of fact to which a

28

1  response is required. Defendants respectfully refer the Court to the JNPR and the Final Rule for a full

2  and accurate statement of their contents. To the extent a response is required, Defendants deny the

3  allegations in Sentences 1 and 3. The allegations in Sentence 2 are admitted to the extent that banks may

4  receive multiplier credit for CRA activities in areas confirmed as CRA deserts by the OCC under the

5  Final Rule; otherwise, the allegations are denied.

6      91. The allegations in this paragraph consist of legal conclusions to which no response is required

7  and of Plaintiffs' characterizations of the JNPR, of the Final Rule, and of how the Final Rule differs

8  from the OCC's prior CRA implementing regulations, and not allegations of fact to which a response is

9  required. Defendants respectfully refer the Court to the JNPR, the Final Rule, and the OCC's prior CRA

10  implementing regulations for full and accurate statements of their contents. To the extent a response is

11  required, Defendants deny the allegations in Sentences 1-3 of this paragraph.

12      92. Defendants deny the allegations in Sentence 1 of this paragraph, except to admit that the Final

13  Rule adopted definitions of "distressed area" and "underserved area," concerning which the text of the

14  Final Rule speaks for itself. The allegations in the remainder of this paragraph consist of Plaintiffs'

15  characterizations of the Final Rule, and not allegations of fact to which a response is required.

16  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents.

17  To the extent a response is required, Defendants deny the characterizations in Sentences 2-3 to the

18  extent that they do not correspond to the complete definitions of "distressed area" and "underserved

19  area" in the Final Rule.

20      93. Defendants deny the allegations in Sentence 1 of this paragraph. The allegations in Sentences 2-4

21  consist of Plaintiffs' characterizations of public comments received in response to the JNPR and not

22  allegations of fact to which a response is required. Defendants respectfully refer the Court to the

23  comments, which will be filed with the administrative record in this case, for a full and accurate

24  statement of their contents. To the extent a response is required, Defendants deny any characterization in

25  Sentences 2-4 inconsistent with or not textually supported by the comments. Defendants deny the

26  allegations in Sentence 5.

27

28

ANSWER, CASE NO. 20-CV-04186-KAW

94. The allegations in this paragraph consist of Plaintiffs' speculations regarding the effects of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in this paragraph.

95. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response required to Sentence 1, Defendants admit that multipliers may be available under 12 C.F.R. § 25.08(b) if specified conditions are met; otherwise, the allegations are denied. Defendants deny the allegations in Sentence 2, except to admit the Final Rule makes multipliers available based on the OCC's determination of an activity's "responsiveness, innovativeness, or complexity." *Id.* Defendants deny any characterization in Sentence 3 inconsistent with or not textually supported by the comments. Defendants deny the allegations in Sentence 4.

96. The allegations in this paragraph consist of Plaintiffs' characterizations of the Final Rule and of public comments submitted in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-4 inconsistent with or not textually supported by the Final Rule and the comments.

97. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of their contents. To the extent a response is required to Sentence 1, Defendants admit that the Final Rule alters in part the way banks draw their assessment areas, but deny that this aspect of the Final Rule supports any other allegation in the Complaint. The allegations in Sentence 2 consist of Plaintiffs' speculations regarding the effects of the Final Rule, and

1    not allegations of fact to which a response is required. To the extent a response is required, the

2    allegations in Sentence 2 are denied. The allegations in Sentence 3 are denied.

3       98. The allegations in Sentence 1 consist of Plaintiffs' characterization of the Final Rule, and not

4    allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

5    Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants

6    admit that the requirements for the delineation of assessment areas are an important aspect of agencies'

7    regulations implementing CRA, but deny that the importance of assessment area delineation supports

8    any other allegation in the Complaint. The allegations in Sentences 2-4 consist of Plaintiffs'

9    characterization of the OCC's CRA implementing regulations prior to the effective date of Final Rule,

10   and not allegations of fact to which a response is required. Defendants respectfully refer the Court to

11   the OCC's prior CRA regulations for a full and accurate statement of their contents. To the extent a

12   response is required, Defendants deny any characterization in Sentences 2-4 inconsistent with or not

13   textually supported by the OCC's prior CRA regulations.

14      99. The allegations in this paragraph consist of Plaintiffs' characterization of the OCC's rationale for

15   its changes to the Final Rule and characterization of the Final Rule, and not allegations of fact to which

16   a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate

17   statement of its contents. To the extent a response is required, Defendants deny any characterization in

18   Sentence 1 of this paragraph inconsistent with or not textually supported by the Final Rule. The

19   allegations in Sentence 2 are denied.

20      100. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the Final

21   Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court

22   to the Final Rule for a full and accurate statement of its contents. To the extent a response is required,

23   Defendants admit that under the Final Rule a "bank may delineate an assessment area encompassing

24   locations where it maintains a deposit taking ATM," 12 C.F.R. § 25.09(b)(2), but deny any

25   characterization in Sentence 1 inconsistent with or not textually supported by the Final Rule and deny

26   that this provision of the Final Rule supports any other allegation in the Complaint. The allegations in

27

28

ANSWER, CASE NO. 20-CV-04186-KAW

1  Sentence 2 consist of legal conclusions to which no response is required. To the extent a response is

2  required, the allegations in Sentence 2 are denied.

3     101. The allegations in this paragraph consist of Plaintiffs' legal conclusions to which no response is

4  required and of Plaintiffs' characterization of the Final Rule and of the JNPR, and not allegations of

5  fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the

6  JNPR for a full and accurate statement of their contents. To the extent a response is required, the

7  allegations in this paragraph are denied.

8     102. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and the

9  OCC's prior regulations implementing CRA, and not allegations of fact to which a response is required.

10  Defendants respectfully refer the Court to the Final Rule and the OCC's prior regulations for full and

11  accurate statements of their contents. To the extent a response is required, the allegations in Sentences

12  1-3 are denied to the extent that they are inconsistent with or not textually supported by the Final Rule

13  and the OCC's prior regulations.

14     103. Defendants admit that Sentence 1 is a partial quotation of the Final Rule, but deny that this

15  quotation supports any other allegation in the Complaint. The allegations in Sentence 2 consist of legal

16  conclusions to which no response is required and of Plaintiffs' characterization of the Final Rule, and

17  not allegations of fact to which a response is required. Defendants respectfully refer the Court to the

18  Final Rule for a full and accurate statement of its contents. To the extent a response is required,

19  Defendants deny any characterization in Sentence 2 inconsistent with or not textually supported by the

20  Final Rule.

21     104. The allegations in this paragraph consist of Plaintiffs' characterization of the JNPR and of the

22  Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the

23  Court to the JNPR and the Final Rule for full and accurate statements of their contents. To the extent a

24  response is required, Defendants deny any characterization in Sentences 1-2 of this paragraph

25  inconsistent with or not textually supported by the Final Rule and the JNPR.

26     105. Defendants deny the allegations in Sentences 1-2 of this paragraph.

27

28

ANSWER, CASE NO. 20-CV-04186-KAW

106. The allegations in this paragraph consist of Plaintiffs' characterizations of the Final Rule and public comments submitted in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2 of this paragraph to the extent that they are inconsistent with or not textually supported by the Final Rule or the comments. Defendants deny the allegations in Sentences 3-5.

107. The allegations in Sentences 1-2 and 4-5 of this paragraph consist of Plaintiffs' characterizations of the JNPR and of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the JNPR and the Final Rule for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-2 and 4-5 inconsistent with or not textually supported by the JNPR and Final Rule. Sentence 3 consists of Plaintiffs' hypothetical illustration of the characterization Plaintiffs allege in Sentences 1-2, and not an allegation of fact to which a response is required. To the extent a response is required, Defendants deny the allegations in Sentence 3. The allegations in Sentences 6-7, including the footnote, consists of Plaintiffs' characterizations of the level of difficulty in evaluating provisions of the JNPR and Final Rule and of an *American Banker* article, and not allegations of fact to which a response is required. To the extent a response is required, the Defendants deny any characterization in Sentences 6-7 inconsistent with or not textually supported by the Final Rule, the JNPR, and the article cited in footnote 33.

108. The allegations in Sentence 1 of this paragraph are denied. The allegations in Sentence 2 consist of Plaintiffs' characterization of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for a full and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization in Sentence 2 inconsistent with or not textually supported by the comments. The allegations in Sentence 3 are denied.

ANSWER, CASE NO. 20-CV-04186-KAW

1    109. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not

2    allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

3    Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants

4    deny any characterization in Sentences 1-2 of this paragraph inconsistent with or not textually

5    supported by the Final Rule. Sentences 3-4 are denied.

6    110. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not

7    allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

8    Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants

9    deny the allegations in Sentence 1 of this paragraph. Defendants deny the allegations in Sentence 2,

10   except to admit that the OCC left the calibration of the CRA evaluation measure benchmarks, retail

11   lending distribution test thresholds, and community development minimums under the Final Rule's

12   general performance standards to a future rulemaking. *See* FR 34,774. The allegations in Sentence 3 of

13   this paragraph are denied.

14   111. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not

15   allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

16   Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants

17   deny the allegations in Sentences 1-3 of this paragraph, except to admit that the Final Rule preserves

18   the ability of the OCC's bank examiners to evaluate certain qualitative factors related to a bank's CRA

19   performance through the application of performance context.

20   112. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not

21   allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

22   Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants

23   admit that the Final Rule contains multiple new general performance standards—including the CRA

24   evaluation measure, retail lending distribution tests, community development minimums, and the

25   application of performance context—applicable to banks with assets over $2.5 billion, and those banks

26   that opt in to be evaluated under the general performance standards under 12 C.F.R. § 25.10(b), at the

27   assessment area and overall bank level to determine banks' presumptive CRA ratings, but deny the

28

remaining allegations in Sentences 1-2 of this paragraph to the extent that they are inconsistent with or not textually supported by the Final Rule.

113. The allegations in this paragraph, including the footnote, consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-8 inconsistent with or not textually supported by the Final Rule.

114. The allegations in Sentences 1-3 of this paragraph consist of Plaintiffs' characterizations of public comments received in response to the JNPR and of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, and the Final Rule for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-3 inconsistent with or not textually supported by the Final Rule or the comments. The allegations in Sentence 4 of this paragraph are denied.

115. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of the JNPR and of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the JNPR and the Final Rule for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentence 1 inconsistent with or not textually supported by the JNPR and the Final Rule. The allegations in Sentence 2 consist of Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, the allegations in Sentence 2 are denied.

116. The allegations in this paragraph consist of Plaintiffs' characterizations of the Final Rule and of Plaintiffs' speculations regarding the effects of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 2-3 of this paragraph inconsistent with or not textually supported by the Final Rule. The allegations in Sentences 1 and 4 are denied.

1   117. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not

2   allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

3   Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants

4   deny any characterization in Sentences 1-6 of this paragraph inconsistent with or not textually

5   supported by the Final Rule. The allegations in Sentence 7 are denied, and Defendants aver that the

6   OCC analyzed publicly available Summary of Deposits data from the FDIC as a proxy to estimate the

7   numbers of assessment areas as part of formulating the Final Rule's approach for determining a bank's

8   overall rating. FR 34,772.

9   118. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of public

10   comments received in response to the JNPR, and not allegations of fact to which a response is required.

11   Defendants respectfully refer the Court to the comments, which will be filed with the administrative

12   record in this case, for a full and accurate statement of their contents. To the extent a response is

13   required, Defendants deny any characterization in Sentence 1 inconsistent with or not textually

14   supported by the comments. The allegations in Sentence 2 consist of Plaintiffs' characterization of the

15   CRA statutory provisions at 12 U.S.C. § 2901, and not allegations of fact to which a response is

16   required. Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate

17   statement of their contents. To the extent a response is required, Defendants deny any characterization

18   in Sentence 2 inconsistent with or not textually supported by the statute.

19   119. The allegations in this paragraph consist of Plaintiffs' characterization of the legislative history

20   of CRA, and not allegations of fact to which a response is required. Defendants respectfully refer the

21   Court to the relevant legislative history, cited and discussed in the cited comment letter and in the Final

22   Rule, FR 34,768, for a full and accurate statement of its contents. To the extent a response is required,

23   Defendants deny the allegations in Sentences 1-2 of this paragraph.

24   120. The allegations in Sentences 1-3 of this paragraph consist of Plaintiffs' characterization of the

25   public comments received in response to the JNPR and of Plaintiffs' speculations regarding the effects

26   of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully

27   refer the Court to the comments, which will be filed with the administrative record in this case, and the

28

1  Final Rule for a full and accurate statement of their contents. To the extent a response is required,

2  Defendants deny any characterization in Sentences 1-3 inconsistent with or not textually supported by

3  the Final Rule or the comments. The allegations in Sentence 4 of this paragraph are denied.

4      121. The allegations in Sentences 1-3 of this paragraph consist of Plaintiffs' speculations regarding

5  the effects of the Final Rule, and not allegations of fact to which a response is required. Defendants

6  respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the

7  extent a response is required, Defendants deny the allegations in Sentences 1-3. The allegations in

8  Sentence 4 are denied. The allegations in Sentence 5, including the footnote, consist of Plaintiffs'

9  characterization of a *Wall Street Journal* article, and not allegations of fact to which a response is

10  required. To the extent a response is required, the Defendants deny the allegations in Sentence 5. The

11  allegations in Sentence 6 are denied.

12      122. The allegations in Sentences 1, 2, 4, 7, and 8 of this paragraph consist of Plaintiffs'

13  characterization of the Final Rule, and not allegations of fact to which a response is required.

14  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its

15  contents. To the extent a response is required, Defendants deny the allegations in Sentences 1, 2, 4, 7

16  and 8. The allegations in Sentence 3 consist of Plaintiffs' legal conclusions to which no response is

17  required. To the extent a response is required, the allegations in Sentence 3 are denied. The allegations

18  in Sentence 5 of this paragraph, including the footnote, are Plaintiffs' characterization of the legislative

19  history of CRA and not allegations of fact to which a response is required. Defendants respectfully

20  refer the Court to the full hearings cited in footnote 36 for a full and accurate statement of their

21  contents. To the extent a response is required, Defendants deny the allegations in Sentence 5. The

22  allegations in Sentence 6 consist of Plaintiffs' characterization of public comments received in response

23  to the JNPR and not allegations of fact to which a response is required. Defendants respectfully refer

24  the Court to the comments, which will be filed with the administrative record in this case, for a full and

25  accurate statement of their contents. To the extent a response is required, Defendants deny any

26  characterization in Sentence 6 inconsistent with or not textually supported by the comments.

1    123. The allegations in Sentences 1-3 of this paragraph consist of Plaintiffs' characterizations of the

2    Final Rule, of the JNPR, and of public comments received in response to the JNPR, and not allegations

3    of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule, the

4    JNPR, and the comments, which will be filed with the administrative record in this case, for full and

5    accurate statements of their contents. To the extent a response is required, Defendants deny any

6    characterization in Sentences 1-3 inconsistent with or not textually supported by the Final Rule, the

7    JNPR, or the comments. The allegations in Sentence 4 are denied, except to admit that the OCC left the

8    calibration of a community development minimums to a future rulemaking. *See* FR 34,774.

9    124. The allegations in Sentence 1 of this paragraph are denied, except to admit that the data the OCC

10   gathered in response to its Request for Information "was too limited to reliably calibrate" the measures

11   for all banks subject to the general performance standards, and that the OCC left the calibration of the

12   CRA evaluation measure benchmarks, retail lending distribution test thresholds, and the community

13   development minimums to a future rulemaking. *See* FR 34,774. The allegations in Sentences 2-4

14   consist of Plaintiffs' characterizations of the Final Rule and of the JNPR, and not allegations of fact to

15   which a response is required. Defendants respectfully refer the Court to the Final Rule and the JNPR

16   for full and accurate statements of their contents. To the extent a response is required, Defendants deny

17   any characterization in Sentences 2-4 inconsistent with or not textually supported by the Final Rule or

18   the JNPR.

19   125. The allegations in Sentence 1 of this paragraph are denied, except to admit that the OCC relied

20   on the best available historical information and data including CRA performance evaluations, Call

21   Report data, CRA data from the Federal Financial Institutions Examination Council ("FFIEC"), Home

22   Mortgage Disclosure Act ("HMDA") data, and credit bureau data, and that while the OCC "was not

23   limited in its ability to leverage the existing data, . . . the existing data was limited . . . ." FR 34,773-74.

24   The allegations in Sentence 2 consist of Plaintiffs' characterization of the Final Rule, and not

25   allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final

26   Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants

27   deny the allegations in Sentence 2. The allegations in Sentence 3 consist of Plaintiffs' legal conclusions

28

ANSWER, CASE NO. 20-CV-04186-KAW

to which no response is required. To the extent a response is required, Defendants deny the allegations in Sentence 3.

126. The allegations in this paragraph consist of Plaintiffs' characterizations of the Final Rule and of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-3 of this paragraph inconsistent with or not textually supported by the Final Rule or the comments.

127. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-2 of this paragraph inconsistent with or not textually supported by the Final Rule.

128. The allegations in Sentence 1 of this paragraph consist of Plaintiffs' characterization of public comments received in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the comments, which will be filed with the administrative record in this case, for a full and accurate statement of their contents. To the extent a response is required, Defendants deny any characterization in Sentence 1 inconsistent with or not textually supported by the comments. The allegations in Sentences 2-7 are Plaintiffs' characterizations of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 2-3 inconsistent with or not textually supported by the Final Rule. The allegations in Sentences 4-7 are denied.

129. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in this paragraph.

130. The allegations in this paragraph consist of Plaintiffs' characterization for the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-3 of this paragraph.

131. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2 of this paragraph.

132. The allegations in this paragraph consist of legal conclusions to which no response is required and of Plaintiffs' characterizations of the OCC's prior CRA implementing regulations[4] and of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the OCC's prior regulations and the Final Rule for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 1-3 of this paragraph inconsistent with or not textually supported by the OCC's prior regulations or the Final Rule.

133. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required.[5] Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-2 of this paragraph.

134. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-4 of this paragraph.

---

[4] Plaintiffs incorrectly cite to "12 C.F.R. § 2906(c)(6)." The cite for the salient part of the OCC's prior regulation is 12 C.F.R. § 25.21(b)(6) (1-1-20 ed.).

[5] Plaintiffs cite to "*supra* ¶ 131," which does not contain the citations referenced. Defendants believe the pertinent cross-reference to be ¶ 43.

ANSWER, CASE NO. 20-CV-04186-KAW

135. The allegations in Sentences 1-3 of this paragraph are denied. The allegations in Sentence 4 consist of legal conclusions to which no response is required and of Plaintiffs' characterization of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentence 4.

136. The allegations in Sentence 1 of this paragraph are denied. The allegations in Sentences 2-5 of this paragraph consist of Plaintiffs' characterizations of the Final Rule and public comments submitted in response to the JNPR, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 2-5 inconsistent with or not textually supported by the Final Rule or the comments. Defendants further deny the allegations in Sentence 3, and aver that HMDA data continues to be publicly available from the Consumer Financial Protection Bureau ("CFPB").

137. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, the allegations in Sentences 1-2 of this paragraph are denied.

138. Defendants lack knowledge or information about the nature of Plaintiff NCRC's mission or work sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, the allegations in Sentences 1-4 are denied.

139. Defendants lack knowledge or information about the nature of Plaintiff NCRC's or its members' work or accomplishments sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, Defendants admit, as a general matter, that a community development plan like the one alluded to in Sentence 1 was reached, but deny the remaining allegations

1  in Sentence 1 and deny that the plan exemplifies or supports any other allegation in the Complaint.

2  Defendants deny the allegations in Sentences 2-3.

3      140. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of

4  Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required.

5  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its

6  contents. To the extent a response is required, the allegations in Sentences 1-4 of this paragraph are

7  denied, except to admit that the OCC regulates national banks and federal savings associations,

8  including some of the largest financial institutions in the nation.

9      141. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of

10  Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required.

11  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its

12  contents. To the extent a response is required, the allegations in Sentences 1-6 of this paragraph are

13  denied.

14      142. Defendants lack knowledge or information about the nature of Plaintiff NCRC's mission or work

15  sufficient to form a belief about the truth of the allegations in Sentences 1-2 of this paragraph. To the

16  extent a response is required, the allegations in Sentences 1-2 are denied. The allegations in Sentence 3

17  of this paragraph consist of Plaintiffs' characterization of the "current CRA framework," and not

18  allegations of fact to which a response is required. Defendants respectfully refer the Court to the OCC's

19  licensing regulations governing decisions on filings, *e.g.*, 12 C.F.R. § § 5.8, 5.10, 5.13, for an accurate

20  statement of how regulators consider comments related to CRA concerns when deciding certain

21  applications. To the extent a response is required, the allegations in Sentence 3 are denied to the extent

22  that they are inconsistent with or not textually supported by the OCC's regulations, including the

23  OCC's licensing regulations.

24      143. The allegations in this paragraph consist of Plaintiffs' characterizations of the JNPR and of the

25  Final Rule, and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a

26  response is required. Defendants respectfully refer the Court to the JNPR and Final Rule for full and

27  accurate statements of their contents. To the extent a response is required, the allegations in Sentences 1

28

1   and 4 of this paragraph are denied. The allegations in Sentence 2 are denied to the extent that they are

2   inconsistent with the Final Rule and the OCC's licensing regulations, *e.g.*, 12 C.F.R. § § 5.8, 5.10, 5.13.

3   The allegations in Sentence 3 are denied, except to admit that the Final Rule includes a process for

4   banks to confirm that an area meets the definition of a "CRA desert." 12 C.F.R. § 25.06.

5   144. Defendants lack knowledge or information about the nature of Plaintiff NCRC's mission or work

6   sufficient to form a belief about the truth of the corresponding allegations in Sentences 2, 3, and 5 of

7   this paragraph. To the extent a response is required, the corresponding allegations in Sentences 2, 3,

8   and 5 are denied. The remaining allegations in Sentence 5 and the allegations in Sentences 1, 4, and 6

9   consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its

10  effects, and not allegations of fact to which a response is required. Defendants respectfully refer the

11  Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is

12  required, Defendants deny the remaining allegations in Sentence 5 and the allegations in Sentences 1, 4,

13  and 6.

14  145. Defendants lack knowledge or information about the nature of Plaintiff NCRC's or its affiliate

15  organizations' work sufficient to form a belief about the truth of the allegations in Sentences 1-2 of this

16  paragraph. To the extent a response is required, the allegations in Sentences 1-2 are denied. The

17  allegations in Sentence 3 consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs'

18  speculations regarding its effects, and not allegations of fact to which a response is required.

19  Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its

20  contents. To the extent a response is required, Defendants deny the allegations in Sentence 3.

21  146. The allegations in Sentences 1 and 3-5 of this paragraph consist of Plaintiffs' characterization of

22  the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a

23  response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate

24  statement of its contents. To the extent a response is required, the allegations in Sentences 1 and 3-5 are

25  denied, except to admit that the rules promulgated by the FDIC and Federal Reserve under their

26  separate and independent rulemaking authorities apply to the financial institutions for with they have

27  CRA rulemaking authority. *See* 12 U.S.C. §§ 2902, 2905. Defendants lack knowledge or information

28

ANSWER, CASE NO. 20-CV-04186-KAW

1    about Plaintiff NCRC's work sufficient to form a belief about the truth of the allegations in Sentence 2.

2    To the extent a response is required, the allegations in Sentence 2 are denied.

3        147. Defendants lack knowledge or information about the nature of Plaintiff NCRC's or its members'

4    missions or work, or Plaintiff NCRC's work relative to other organizations' work, sufficient to form a

5    belief about the truth of the corresponding allegations in Sentences 1, 2, 5, 6 (including the footnote),

6    and 7 of this paragraph. To the extent a response is required, the corresponding allegations in Sentences

7    1, 2, 5, 6, and 7 are denied to the extent that they are inconsistent with or not textually supported by the

8    report issued by Plaintiff NCRC cited in footnote 37. The remaining allegations in Sentence 2 and the

9    allegations in Sentences 3-4 related to the public availability of data from the CFPB, FDIC, and Federal

10   Reserve, and the OCC under its prior CRA regulations, are admitted as a general matter; otherwise, the

11   allegations are denied.

12       148. Defendants lack knowledge or information about the nature of Plaintiff NCRC's or its members'

13   missions or work, or how their work is used, sufficient to form a belief about the truth of the allegations

14   in this paragraph. To the extent a response is required, the allegations in Sentences 1-3 of this

15   paragraph are denied.

16       149. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of

17   Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required.

18   Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its

19   contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-5 of this

20   paragraph, and aver that bank specific information and data will be available in banks' performance

21   evaluations and in CRA disclosures, 12 C.F.R. § 25.27(a), under the Final Rule.

22       150. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of

23   Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required.

24   Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its

25   contents. To the extent a response is required, the allegations in Sentences 1-3 of this paragraph are

26   denied.

27

28

ANSWER, CASE NO. 20-CV-04186-KAW

151. Defendants lack knowledge or information about the nature of Plaintiffs' mission, work, or accomplishments sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, the allegations in Sentences 1-5 are denied to the extent that they are inconsistent with or not textually supported by any actual community benefits agreements alluded to in this paragraph.

152. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, the allegations in Sentences 1-2 of this paragraph are denied.

153. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. Defendants also lack knowledge or information about the nature of Plaintiff CRC's work or expenditures sufficient to form a belief about the truth of the corresponding allegation in Sentence 3 of this paragraph. To the extent a response is required, Defendants deny the allegations in Sentences 1-5, except to admit the allegation in Sentence 2 that mortgage and small business lending in LMI communities are important to address wealth inequality.

154. Defendants lack knowledge or information about the nature of Plaintiff CRC's and its members' missions or work sufficient to form a belief about the truth of the allegations in this paragraph. To the extent a response is required, the allegations in Sentences 1-3 of this paragraph are denied.

155. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny any characterization in Sentences 3-4 and 6 of this paragraph inconsistent with or not textually supported by the Final Rule. The allegations in Sentences 1-2, 5, and 7 are denied.

156. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. Defendants also lack knowledge or information about the nature of Plaintiff CRC's work or the named program sufficient to form a belief about the truth of the corresponding allegations in Sentence 2 of this paragraph. To the extent a response is required, the allegations in Sentences 1-2 are denied.

157. The allegations in this paragraph consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-3 of this paragraph.

158. Defendants lack knowledge or information about the nature of Plaintiff CRC's or its members' missions, work, accomplishments, or relationships with other entities sufficient to form a belief about the truth of the corresponding allegations in Sentences 1-4 of this paragraph. To the extent a response is required, the corresponding allegations in Sentences 1-4 are denied. The remaining allegations in Sentences 1 and 4 consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, the remaining allegations in Sentences 1 and 4 are denied.

159. Defendants deny the allegations in Sentence 1 of this paragraph, except to admit that the Low-Income Housing Tax Credit ("LIHTC"), established under the Tax Reform Act of 1986, is an important federal program for encouraging the investment of private equity in the development of affordable rental housing for low-income households, but Defendants deny that the importance of LIHTC supports the remaining allegations in this paragraph or the allegations in the preceding Paragraph 158. The allegations in Sentences 2-6 consist of Plaintiffs' characterizations of the Final Rule, of its differences from the OCC's prior regulations implementing CRA, and of the nature of banks' activities related to

LIHTC, and of Plaintiffs' speculations regarding the effects of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the OCC's prior regulations implementing CRA for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentences 2-3 and 5-6 inconsistent with or not textually supported by the Final Rule and the OCC's prior regulations. Defendants deny the allegations in Sentence 4, except to admit that LIHTC transactions can be complex.

160. The allegations in Sentence 1 of this paragraph are denied. Defendants lack knowledge or information about Plaintiff CRC's mission or work sufficient to form a belief about the truth of the allegations in Sentence 2 of this paragraph. To the extent a response is required, the allegations in Sentence 2 are denied. The allegations in Sentences 3-4 consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, the allegations in Sentences 3-4 are denied, except to admit that the rules promulgated by the FDIC and Federal Reserve under their separate and independent rulemaking authorities apply to the financial institutions for which they have CRA rulemaking authority. *See* 12 U.S.C. §§ 2902, 2905.

161. Defendants lack knowledge or information about Plaintiff CRC's or its members' missions or work sufficient to form a belief about the truth of the allegations in Sentences 1-3 of this paragraph. To the extent a response is required, the allegations in Sentences 1-3 are denied. The allegations in Sentence 4 of this paragraph consist of Plaintiffs' characterization of the Final Rule and of Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the allegations in Sentence 4.

162. Defendants incorporate by reference their answers to the foregoing paragraphs 1-161 of the Complaint as if set forth in full.

163. Defendants admit that this paragraph contains true and accurate partial quotations from 5 U.S.C. § 706(2)(A) and (C), but deny that Plaintiffs are entitled to the relief they seek under those statutory provisions.

164. The allegations in this paragraph consist of Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

165. The allegations in this paragraph consist of Plaintiffs' characterizations of public comments received in response to the JNPR and the Final Rule, and Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the JNPR and the Final Rule, as well as the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny the allegations in Sentences 1-3 of this paragraph, except to admit that neither the FDIC nor the Federal Reserve joined the OCC in issuing the Final Rule and the rules promulgated by the FDIC and Federal Reserve under their separate and independent rulemaking authorities apply to the financial institutions for with they have CRA rulemaking authority. *See* 12 U.S.C. §§ 2902, 2905. Defendants deny the allegations in Sentence 4.

166. The allegations in Sentences 1 and 3-7 of this paragraph consist of Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the corresponding allegations in Sentences 1 and 3-7 are denied. The remaining allegations in Sentences 4 and 6-7 and the allegations in Sentence 2 consist of Plaintiffs' characterizations of the Final Rule, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule for a full and accurate statement of its contents. To the extent a response is required, Defendants deny the remaining allegations in Sentences 4 and 6-7 and the allegations in Sentence 2.

167. Defendants deny the allegations in this paragraph.

168. The allegations in Sentence 1 of this paragraph are denied. The allegations in Sentence 2 consist of Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the allegations in Sentence 2 are denied.

169. The allegations in Sentences 1, 4, and 5 of this paragraph, including the footnote, consist of Plaintiffs' conclusions of law to which no response is required. Defendants respectfully refer the Court to the text of the CRA statute, specifically 12 U.S.C. § 2901(b), which states the statute's purpose. *See also* 12 U.S.C. § 2903(a). To the extent a response is required, the corresponding allegations in Sentences 1, 4, and 5 are denied. The remaining allegations in Sentences 1, 4, and 5 and the allegations in Sentences 2-3 of this paragraph consist of Plaintiffs' characterizations of public comments received in response to the JNPR and of the Final Rule, and Plaintiffs' speculations regarding its effects, and not allegations of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, the remaining allegations in Sentences 1, 4, and 5 and the allegations in Sentences 2-3 are denied, except to admit that the OCC has stated that the Final Rule will benefit LMI communities.

170. Defendants admit the allegations in Sentence 1 of this paragraph to the extent that the COVID-19 pandemic emerged between the issuance of the JNPR and the Final Rule and to the extent that the COVID-19 pandemic has economically impacted banks' customers and communities, including low- and moderate-income individuals and neighborhoods; otherwise, the allegations are denied. The allegations in Sentence 2 consist of Plaintiffs' characterizations of letters and public comments received in response to the JNPR and of the Final Rule, and not statements of fact to which a response is required. Defendants respectfully refer the Court to the Final Rule, letters, and the comments, which will be filed with the administrative record in this case, for full and accurate statements of their contents. To the extent a response is required, Defendants deny any characterization in Sentence 2 inconsistent with or not textually supported by the referenced documents. The allegation in Sentence 3 is denied, except to admit that the FDIC did not join the OCC in issuing the Final Rule. The allegations in Sentence 4 are denied, except to admit that the OCC issued the Final Rule on May 20, 2020, which was published in the Federal Register on June 5, 2020.

171. Defendants incorporate by reference their answers to the foregoing paragraphs 1-170 of the Complaint as if set forth in full.

172. Defendants admit that this paragraph contains true and accurate partial quotations from 5 U.S.C. § 706(2)(D), but deny that Plaintiffs are entitled to the relief they seek under that statutory provision.

173. The allegations in this paragraph consist of Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

174. The allegations in this paragraph consist of Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

175. The allegations in this paragraph consist of Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied, except to admit that the JNPR comment period closed on April 8, 2020, after a prior extension of the comment period, *see* 85 Fed. Reg. 10996-01.

176. The allegations in this paragraph consist of Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

The final section, including subparts (1)-(5), contains Plaintiffs' prayers for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, Defendants pray that:

1. The Court enter judgment for Defendants; and

2. Defendants be granted such further relief as the Court may deem just and proper.

Dated: March 5, 2021

Respectfully submitted,

*/s/ Ashley W. Walker*
JONATHAN GOULD (DC Bar No. 477569)
Senior Deputy Comptroller and Chief Counsel
BAO NGUYEN (NC Bar No. 39946)
Principal Deputy Chief Counsel
GREGORY F. TAYLOR (DC Bar No. 417096)
Director of Litigation
PETER C. KOCH (IL Bar No. 6225347)

ANSWER, CASE NO. 20-CV-04186-KAW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Assistant Director of Litigation
MARSHA STELSON EDNEY (DC Bar No. 414271)
Counsel
ASHLEY W. WALKER (DC Bar No. 488126)
Counsel
ALISSA V. SAGRI (MD No. 0812180099)
Counsel
AMBER N. MELTON (MD No. 1405200002)
Counsel
HANNAH E. HICKS (AL Bar No. 9577S61W)
Attorney
Office of the Comptroller of the Currency
400 7th Street, SW
Washington, D.C. 20219
Telephone: (202) 649-6300
Facsimile: (202) 649-5709
ashley.walker@occ.treas.gov

*Attorneys for Defendants*

ANSWER, CASE NO. 20-CV-04186-KAW