Jeffrey B. Dubner (DC Bar No. 1013399)
(admitted *pro hac vice*)
jdubner@democracyforward.org
Michael C. Martinez (State Bar No. 275581)
mmartinez@democracyforward.org
Sean A. Lev (DC Bar No. 449936)
(admitted *pro hac vice*)
slev@democracyforward.org
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Facsimile: (202) 701-1775

Sarah A. Good (State Bar No. 148742)
sgood@fbm.com
Anthony Schoenberg (State Bar No. 203714)
tschoenberg@fbm.com
Eric D. Monek Anderson (State Bar No. 320934)
emonekanderson@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| NATIONAL COMMUNITY REINVESTMENT COALITION, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>OFFICE OF THE COMPTROLLER OF THE CURRENCY, *et al.*,<br><br>Defendants. | Case No. 20-cv-04186-KAW<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the January 29, 2021 Clerk's Notice (ECF No. 46), the Parties submit this Joint Case Management Statement.

**1.   Jurisdiction and Service**

Plaintiffs maintain that this Court has subject matter jurisdiction over Plaintiffs' claims under 5 U.S.C. § 702 and 28 U.S.C. § 1331, and venue under 28 U.S.C. § 1391(e). *See* Compl. ¶¶ 9-10. Defendants have been served. *See* ECF No. 16. No issues exist regarding personal jurisdiction or venue.

**2.   Facts**

The Community Reinvestment Act, 12 U.S.C. § 2901 *et seq.* ("CRA" or the "Act"), states that "regulated financial institutions have continuing and affirmative obligation to help meet the credit needs of the local communities in which they are chartered." 12 U.S.C. § 2901(a)(3). The CRA requires Defendant Office of the Comptroller of the Currency ("OCC") to "assess [financial] institutions' record[s] of meeting the credit needs of [their] communities, including low- and moderate-income neighborhoods," *id.* § 2903(a)(1), and to issue regulations specifying how it will conduct those evaluations, *id.* § 2905.

On June 5, 2020, the OCC issued a final rule entitled "Community Reinvestment Act Regulations," 85 Fed. Reg. 34,734 (the "Final Rule"). Plaintiffs allege in the Complaint that the Rule was arbitrary, capricious, and not in accordance with the CRA, violating the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C). *See id.* ¶¶ 163-70; *see also* Pl.' Opp. to Defs.' Mot. to Dismiss, ECF No. 35, at 30-31.

Plaintiffs also allege the Final Rule was issued without observance of procedure required by law, in violation of 5 U.S.C. § 706(2)(D), in that it was issued without a sufficient opportunity to comment under 5 U.S.C. § 553.

Defendants deny that the Final Rule was issued in violation of the APA or the CRA.

**3.   Legal Issues**

As stated in the preceding section, Plaintiffs allege (1) that the 2020 Final Rule is arbitrary and capricious and contrary to Defendants' statutory obligations under the CRA, and therefore must be set aside under the APA, 5 U.S.C. § 706(2)(A), and (2) that the 2020 Final Rule was

issued without observance of procedures required by law, and therefore must be set aside under the APA, 5 U.S.C. § 706(2)(D). Defendants dispute these allegations.

**4. Motions**

There are no currently pending motions. Previously, the Court denied Defendants' motion to dismiss, *see* ECF No. 45, and ruled on miscellaneous motions regarding briefing schedules and page lengths, *see* ECF Nos. 23, 33, 49. Plaintiffs and Defendants both anticipate filing a motion for summary judgment. Plaintiffs also reserve their right to file a motion to supplement or complete the administrative record, should such a motion become necessary.  Defendants reserve their right to oppose any such motion.

**5. Amendment of Pleadings**

The Parties do not expect any party, claim, or defense to be added or dismissed, and do not believe a proposed deadline for amending the pleadings is necessary.

**6. Evidence Preservation**

Because this is a case for review on an administrative record, it is exempt from Fed. R. Civ. P. 26(f) under Fed. R. Civ. P. 26(a)(1)(B)(i). No discovery is expected at this time.

**7. Disclosures**

Because this is a case for review on an administrative record, it is exempt from Fed. R. Civ. P. 26(a)(1) under Fed. R. Civ. P. 26(a)(1)(B)(i). No discovery is expected at this time.

**8. Discovery**

Because this is a case for review on an administrative record, it is exempt from Fed. R. Civ. P. 26(f) under Fed. R. Civ. P. 26(a)(1)(B)(i). No discovery is expected at this time.

**9. Class Actions**

Not applicable.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiffs seek a declaration that the Rule violates the APA and the CRA; an order holding unlawful and setting aside the Rule; an award of attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and such other relief as this Court deems proper. No damages are sought.

**12. Settlement and ADR**

The Parties have discussed the prospects for settlement with each other and with their clients. All Parties are in agreement that the case is not currently amenable to resolution through settlement and no Party believes that ADR proceedings would be beneficial at this stage. The Parties have all indicated that they are willing to discuss potential resolutions at any time should a negotiated resolution seem possible in the future, and will notify the Court promptly if they believe that ADR will be helpful.

**13. Consent to Magistrate Judge for All Purposes**

All Parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment. *See* ECF Nos. 19, 22.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The Parties are not currently aware of any issues that can be narrowed by agreement or by motion. Because this case will be resolved on summary judgment briefing, there will be no issues regarding the presentation of evidence at trial and no need to bifurcate any issues, claims, or defenses.

**16. Expedited Trial Procedure**

Not applicable.

**17. Scheduling**

The Parties propose the following schedule for further proceedings:

- May 20, 2021: deadline for Defendants to file the Administrative Record

- July 19, 2021: deadline for Plaintiffs to move for summary judgment

- September 17, 2021: deadline for Defendants to file a combined opposition to Plaintiffs' motion and cross-motion for summary judgment

- October 18, 2021: deadline for Plaintiffs to file a combined reply in support of their motion and opposition to Defendants' motion

- November 17, 2021: deadline for Defendants to file a reply in support of their motion

- January 6, 2022: hearing date on the Parties' summary judgment motions

**18. Trial**

Not applicable.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiffs National Community Reinvestment Coalition and California Reinvestment Coalition have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* ECF Nos. 4, 5. No persons, firms, partnerships, corporations, or other entities known to those parties have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

The Parties believe that a Case Management Conference may be unnecessary at this time, because this is an action for review on an administrative record and no discovery is currently expected in this case. Accordingly, the Parties respectfully suggest that the Court consider cancelling or continuing the Case Management Conference currently scheduled for March 23, 2021.

Dated: March 16, 2021                          Respectfully submitted,

                                                          By:  _/s/ Jeffrey B. Dubner_____
                                                          Jeffrey B. Dubner (DC Bar No. 1013399)
                                                          (admitted *pro hac vice*)
                                                          jdubner@democracyforward.org

| | |
|---|---|
| 1 | Michael C. Martinez (State Bar No. 275581) |
| | mmartinez@democracyforward.org |
| 2 | Sean A. Lev (DC Bar No. 449936) |
| | (admitted *pro hac vice*) |
| 3 | slev@democracyforward.org |
| 4 | Democracy Forward Foundation |
| | P.O. Box 34553 |
| 5 | Washington, DC 20043 |
| | Telephone: (202) 448-9090 |
| 6 | Facsimile: (202) 701-1775 |
| 7 | |
| | Sarah A. Good (State Bar No. 148742) |
| 8 | sgood@fbm.com |
| | Anthony Schoenberg (State Bar No. 203714) |
| 9 | tschoenberg@fbm.com |
| | Eric D. Monek Anderson (State Bar No. 320934) |
| 10 | emonekanderson@fbm.com |
| | Farella Braun + Martel LLP |
| 11 | 235 Montgomery Street, 17th Floor |
| 12 | San Francisco, California 94104 |
| | Telephone: (415) 954-4400 |
| 13 | Facsimile: (415) 954-4480 |
| 14 | |
| | *Counsel for Plaintiffs* |
| 15 | |
| 16 | By: */s/ Ashley W. Walker* |
| | JONATHAN GOULD (DC Bar No. 477569) |
| 17 | Senior Deputy Comptroller and Chief Counsel |
| | BAO NGUYEN (NC Bar No. 39946) |
| 18 | Principal Deputy Chief Counsel |
| 19 | GREGORY F. TAYLOR (DC Bar No. 417096) |
| | Director for Litigation |
| 20 | PETER C. KOCH (IL Bar No. 6225347) |
| | Assistant Director for Litigation |
| 21 | MARSHA STELSON EDNEY (DC Bar No. 414271) |
| | Counsel |
| 22 | ASHLEY W. WALKER (DC Bar No. 488126) |
| 23 | Counsel |
| | ALISSA V. SAGRI (MD No. 0812180099) |
| 24 | Counsel |
| | AMBER N. MELTON (MD No. 1405200002) |
| 25 | Counsel |
| | HANNAH E. HICKS (AL Bar No. 9577S61W) |
| 26 | Attorney |
| 27 | Office of the Comptroller of the Currency |
| | 400 7th Street, SW |
| 28 | Washington, D.C. 20219 |

Telephone: (202) 649-6300
Facsimile: (202) 649-5709
ashley.walker@occ.treas.gov

*Counsel for Defendants*